**JOSEPH ALBANESE**
**Attorney At Law**
**915 Lacey Road**
**Forked River, New Jersey 08731**
**(609) 971-6200**
**Attorney for the Plaintiff**

|  | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
|---|---|
| **LYNDA TOMAINI** <br><br> Plaintiff <br> **vs.** <br><br> **VELOCITY INVESTMENTS, LLC** <br><br> Defendant | Docket. No.: <br><br><br> Civil Action |

# COMPLAINT BASED ON VIOLATION OF THE **FAIR DEBT COLLECTION PRACTICES ACT**

# &

# DEMAND FOR JURY TRIAL

I, **LYNDA TOMAINI**, by way of Complaint against the Defendant, states as follows:

## JURISDICTION: VENUE

1. This is an action for damages, statutory damages, attorney fees and other relief brought by Lynda Tomaini, Plaintiff, an individual, against Defendant, Velocity Investment, LLC ("Velocity") for violations of the Fair Debt Collections Practices Act, 15 U.S.C. Sec. 1692 et. seq. (hereinafter "FDCPA").

2. Jurisdiction in this matter exists because it arises as a federal question pursuant to 15 U.S.C. Sec. 1692 et. seq.

3. Jurisdiction specifically arises under 15 U.S.C. Sec. 1692k(d) and 28 U.S.C. Sec. 1331 and 1337.  In addition, to the extent this Court gives declaratory relief, jurisdiction is available under 28 U.S.C. Sec 2201 & 2202.

4. Venue in this matter is properly before this Court, in that the Plaintiff resides in Monmouth County, New Jersey.

## PARTIES

1. Lynda Tomaini (hereafter "Tomaini"), is an individual, and resides in Long Branch, New Jersey, Monmouth County.

2. Defendant, Velocity Investments, LLC ("Velocity") is a legal entity, and is a debt collector within the meaning of the Fair Debt Collections Practices Act.

3. The said Velocity operates within and does business in the State of New Jersey.

**4.**     Velocity engages in the collection of debts for others, and all or a substantial portion of its business is debt collection.

## **BACKGROUND**

**1.**     On March 21, 2014, Defendant, Velocity Investments, LLC filed a Complaint in the Superior Court of New Jersey, Chancery Division, Monmouth County, encaptioned *Velocity Investments v. Payam Fathi and Lynda Tomaini*, Docket No: C-49-14, (hereafter "Velocity's complaint").

**2.**     Velocity's complaint sought, *inter alia*, to void certain transfers of title relating to real property from Payam Fathi (hereafter "Fathi") to Tomaini. More specifically, Velocity's complaint sought to void a transfer from Payam Fathi to Payam Fathi and Lynda Tomaini, recorded on or about April 9, 2002, in Deed Book OR-8098 at Page 3442; Velocity's complaint also sought to void a transfer from Fathi and Tomaini to Tomaini, recorded on or about March 29, 2005, in Deed Book OR-8447 at Page 8954 (Records of Monmouth County, New Jersey).

**3.**     Velocity's complaint was part of an effort to collect a judgment that Velocity had obtained against Fathi, said judgment being identified as DJ-53078-10, which judgment was docketed in the Office of the Clerk of the Superior Court on or about February 24, 2010.

**4.** The underlying debt from Fathi to Velocity was by its nature a consumer debt, said debt having been incurred primary by Fathi for household and personal purposes, and not for business purposes.

**5.** Velocity's complaint further alleged that the said transfers of title were voidable "fraudulent transfers" in violation of New Jersey's Statute of Frauds.

**6.** The allegations of Velocity's complaint were untrue, in that the transfers of title from Fathi to Tomaini were not fraudulent transfers, were not done with the intention of hindering or delaying the creditors of Fathi, were not made for less than adequate consideration, and were not in any other respect "fraudulent transfers" by their nature.

**7.** Furthermore, Velocity's complaint was illegal, in that it was filed long after the applicable statute of limitations had expired, and thus Velocity had no legal right to bring the action against Tomaini in any event.

**8.** The filing of Velocity's complaint occurred long after Velocity could have or should have discovered the aforesaid transfers of real estate from Fathi to Tomaini. A simple and inexpensive search of the public records would have shown the transfers from Fathi to Tomaini, which were not fraudulent by their nature in the first place.

**9.** On or about December 3, 2014, Tomaini filed a Motion to Dismiss Velocity's complaint with prejudice.

10. By Order dated on or about December 19, 2014, the Superior Court of New Jersey, Chancery Division, granted Tomaini's motion, and dismissed Velocity's complaint with prejudice.

11. Lynda Tomaini has no legal responsibility for, and never had any legal responsibility for, the consumer debt owed by Fathi to Velocity.

12. The actions of Velocity caused great emotional suffering by Tomaini, including (without limitation) fear that she would lose her home.  These fears and emotional anxiety were the direct result of Velocity's illegal actions, and caused Tomaini to suffer sleepless nights, acute anxiety, and other emotional distress.

13. The actions of Velocity violated the Fair Debt Collections Practices Act, because they were an attempt to collect a debt owed by Fathi to Velocity, by taking illegal actions against Tomaini.

14. The illegalities engaged in by Velocity included, without limitation, filing a lawsuit against Tomaini that violated the statute of limitations, failing to make a good faith and reasonable effort in advance to determine whether the statute of limitations had expired, failing to withdraw its complaint in the Chancery Division after Velocity knew or should have known that the statue of limitations had expired, and other actions or failures to act.

**15.** Even after Velocity knew, or should have known, that the filing of its complaint violated the statute of limitations, Velocity nonetheless continued to take actions against Tomaini. This included, without limitation, attempting to schedule a deposition of Tomaini, attempting to engage in settlement negotiations with Tomaini, and other similar actions.

**16.** Tomaini has suffered actual damages (emotional distress), and in addition is entitled to statutory damages, legal fees, costs and such other relief as the Court deems appropriate.

## COUNT ONE

## VIOLATION OF 15 U.S.C. § 1692(f)

**1.** Plaintiff repeats and realleges each of the above allegations as if set forth herein verbatim.

**2.** The action of Velocity, in filing a complaint that was beyond the statute of limitations, and in the various follow-up action taken by Velocity, constitute an unfair and unconscionable action against Tomaini.

**3.** The actions of Velocity constitute a violation of 15 U.S.C. §1692(f), as they are an unfair and unconscionable attempt to collect the debt of Fathi by proceeding against Tomaini or against her legitimately owned real estate.

**4.** The said actions of Velocity caused serious emotional damages to Tomaini, as described above.

**WHEREFORE**, Plaintiff respectfully demands actual and emotional damages, statutory damages, legal fees and costs to the full extent provided by law.

## COUNT TWO

## VIOLATION OF 15 U.S.C. § 1692(e)(2) &(10)

**1.** Plaintiff repeats and realleges each of the above allegations as if set forth herein verbatim.

**2.** The actions of Velocity, as aforesaid, in filing a complaint against Tomaini beyond the statute of limitations, were inherently false, deceptive, and misleading.

**3.** The filing of Velocity's complaint was inherently misleading because it suggested, implicitly and/or explicitly, that Tomaini was somehow responsible for the consumer debt of Fathi, or that Tomaini's legitimately owned real property was somehow liable to attachment to pay the consumer debts of Fathi.

**5.** Subsequent to the filing of Velocity's complaint, the follow-up actions taken by Velocity, as described above, were also misleading in that they suggested,

implicitly or explicitly, that Tomaini or her property were somehow liable for the consumer debt of Fathi.

6.  Velocity's actions constitute a violation of 15 U.S.C. §1692(e)(2) & (10), as they are inherently deceptive, false and/or misleading.

7.  The said actions of Velocity caused serious emotional damages to Tomaini, as described above.

**WHEREFORE**, Plaintiff respectfully demands actual and emotional damages, statutory damages, legal fees and costs to the full extent provided by law.

## COUNT THREE

## VIOLATION OF 15 U.S.C. § 1692(e)(5)

1.  Plaintiff repeats and realleges each of the above allegations as if set forth herein verbatim.

2.  The action by Velocity in filing its complaint was an action, or a threat to take action, that could not legally be taken, in that the purported complaint was beyond the statute of limitations, and the relief sought therein could not be granted.

3. By attempting to take action which violated the statute of limitations, and thus was not legal, Velocity violated 15 U.S.C. § 1692(e)(5), and is liable to Plaintiff.

**WHEREFORE**, Plaintiff respectfully demands actual and emotional damages, statutory damages, legal fees and costs to the full extent provided by law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all issues so triable, with the maximum number of jurors permitted by law.

Dated: March 20, 2015         /s/ *Joseph Albanese*
                                            **JOSEPH ALBANESE, ESQ.**
                                            **Attorney for Plaintiff,**
                                            **Lynda Tomaini**